IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC MAXTON, | : | CIVIL ACTION |
| | : | NO. 12-3046 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, et al., | : | |
| | : | |
| Respondents. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    June 16, 2014


Petitioner Eric Maxton ("Petitioner") filed this pro
se Petition for Writ of Habeas Corpus pursuant to the
Antiterrorism and Efficient Death Penalty Act of 1996 ("AEDPA"),
28 U.S.C. § 2254.  Petitioner is currently incarcerated in the
State Correctional Institute Mahanoy in Frackville,
Pennsylvania. Consistent with the Report and Recommendation, the
Court will deny Petitioner's Petition and dismiss it with
prejudice.


I.   **BACKGROUND**

On August 9, 2001, Petitioner was convicted in the
Court of Common Pleas for Philadelphia County of the third-
degree murder of Courtney Wells, possession of an instrument of
crime, two counts of attempted murder, and two counts of

recklessly endangering another person. <u>Commonwealth v. Maxton</u>,
No. 0101431-2001, slip op. at 1 (Phila. Comm. Pl. Ct. Apr. 5,
2002). Petitioner was sentenced to an aggregate term of 20 to
40 years' imprisonment. The Superior Court denied Petitioner's
appeal. <u>Commonwealth v. Maxton</u>, No. 80 EDA 2006, slip op. at 5-
10 (Pa. Super. Ct. Mar. 7, 2007) (denying appeal challenging the
weight and sufficiency of evidence at trial, the discretionary
aspects of the sentence imposed, and the sentence received).
Petitioner appealed to the Pennsylvania Supreme Court, and it
denied his request for review. <u>Commonwealth v. Maxton</u>, 929 A.2d
1161 (Pa. 2007).

On August 15, 2008, Plaintiff, proceeding <u>pro se</u>,
filed a petition pursuant to Pennsylvania's Post Conviction
Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et. seq
("PCRA petition"), which he later amended. Plaintiff's PCRA
Petition alleged ineffective assistance of trial counsel. The
PCRA Court appointed counsel. Petitioner's PCRA counsel filed a
letter pursuant to <u>Commonwealth v. Finley</u>, 550 A.2d 213 (Pa.
Super. Ct. 1988), stating that there were no meritorious issues
to raise and requesting leave of the court to withdraw as
counsel. The PCRA Court granted counsel's request and dismissed
Petitioner's PCRA petition, <u>Commonwealth v. Maxton</u>, No. 0101431-
2001, slip op. (Phila. Comm. Pl. Ct. Sep. 24, 2010). On appeal,
the Superior Court affirmed the decision of the PCRA Court.

<u>Commonwealth v. Maxton</u>, No. 2310 EDA 2010 (Pa. Super. Ct. Aug. 4, 2011).  The Pennsylvania Supreme Court denied Petitioner's request for review.  <u>Commonwealth v. Maxton</u>, 929 A.2d 1161 (Pa. 2007).

On May 30, 2012, Petitioner timely filed his <u>pro se</u> habeas petition pursuant to 28 U.S.C. § 2254.  The petition was fully briefed by the parties involved and eventually assigned to Magistrate Judge David R. Strawbridge for a Report and Recommendation ("R&R") (ECF No. 16).

Petitioner argues that he is entitled to habeas relief on four grounds:

(1) Trial counsel was ineffective for failing to request an instruction directing the jury to ignore an erroneous instruction on the requisite <u>mens rea</u> for attempted murder.

(2) Trial counsel was ineffective for failing to request that the jury further deliberate to resolve an inconsistency in the verdict rendered. [1]

---

[1]     The crux of Petitioner's argument, as it relates to his objection, is that the jury's verdict was inconsistent because it found him guilty of third degree murder, which lacks a specific intent to kill, and attempted murder, which requires a specific intent.  Petitioner, at trial, however, raised the defense of voluntary intoxication which, under Pennsylvania law, operates to negate the <u>mens rea</u> necessary for first degree murder but not for attempted murder.  <u>See</u> 18 Pa.C.S.A. § 308 (stating voluntary intoxication is not admissible to negate the intent element except as to lower first degree murder to a lesser degree).  Furthermore, consistency in a jury's verdict is generally not required in criminal verdicts under federal or

> (3)   Trial counsel was ineffective for not preserving a weight of the evidence claim for appeal.
>
> (4)   Trial counsel was ineffective for failing to request a jury instruction for involuntary manslaughter.

ECF Nos. 1, 6, 19.

The R&R, filed by Judge Strawbridge on November 25, 2013, denies relief on each ground, recommends that the petition for a writ of habeas corpus be denied and dismissed with prejudice, and that a certificate of appealability should not issue.  R&R 19, ECF No. 18 (Nov. 25, 2013).

Petitioner raises one objection to the R&R, claiming that the Superior Court erred in setting forth facts and thus the Magistrate erred in relying on that opinion. Pet'r's Objection to R&R 2-6, ECF No. 19.


## II.  LEGAL STANDARD

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for an R&R.  § 2254 R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636"); see also 28 U.S.C. § 636(b)(1)(B) (2006 & Supp. V 2011). Parties may object to the magistrate judge's R&R within fourteen

---

Pennsylvania law.  See U.S. v. Powell, 469 U.S. 57 (1984); Commonwealth v. McCalman, 795 A.2d 412 (Pa. Super. Ct. 2002).

days after being served with a copy thereof. See 28 U.S.C. §
636(b)(1); E.D. Pa. R. 72.1(IV)(b). The Court must then "make a
de novo determination of those portions of the report or
specified proposed findings or recommendations to which
objection is made." 28 U.S.C. § 636(b)(1). The Court does not
review general objections. See Brown v. Astrue, 649 F.3d 193,
195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires
district courts to review such objections de novo unless the
objection is not timely or not specific." (internal quotation
marks omitted)). The Court "may accept, reject, or modify, in
whole or in part, the findings or recommendations made by the
magistrate judge." Id. Therefore, the Court will conduct a de
novo review of those portions of the R&R to which the parties
object.

When reviewing a habeas petition, the Court must
determine whether the state court's adjudication of the claims
raised was "contrary to, or involved an unreasonable application
of, clearly established Federal law, as determined by the
Supreme Court of the United States; or resulted in a decision
that was based on an unreasonable determination of the facts in
light of the evidence presented in the State court proceeding."
§ 2254(d). Absent those findings, the Court will not grant an
application for writ of habeas corpus. Id.

**III. DISCUSSION**

    A.   <u>Petitioner's Objection to the Report and Recommendation</u>

        Petitioner raises one objection the R&R explaining that he "challenges the (R & R's) factual history on one crucial point that completely changes the scope and standard of review; and also entitles him to habeas relief, as substantiated in the record on multiple occasions, because it establishes by clear and convincing evidence that [the R&R is] erroneous."  Pet'r's Objection to R&R 2.  Petitioner's factual challenge is that the Superior Court's review of his PCRA petition is based on an erroneous understanding of the facts in the case, and that, as the R&R quotes this portion of the Superior Court's opinion, the R&R is also based on a flawed application of the facts.[2]

        Petitioner notes that, for the most part, Petitioner, Respondent, the Superior Court, and the Magistrate Judge "all agree" on the operative facts of the case.  Pet'r's Objection to R&R 3-4.  Namely, the fact that "[Petitioner] fired his gun at Wells, Sanford, and Scales while they were sitting on a step at 12th and Huntingdon Street" and that "[a]fter being fired upon at 12th and Huntingdon Street, the record, again, clearly

---

[2]    As explained below, the Court finds that both the Superior Court's opinion and the R&R correctly apply the facts, and it is unnecessary to determine if an error would change the outcome of the habeas petition.

indicates Wells, Sanford, and Scales ran up the block" where Mr. Wells was taken by ambulance to the hospital and died.  Pet'r's Objection to R&R 3-4.  Petitioner alleges that both the Superior Court's opinion and the R&R which cites it misstate that Mr. Wells died on the stairs where Petitioner shot him and that Mr. Sanford and Mr. Scales, by themselves, ran away while Petitioner discharged his firearm at them.[3]  Petitioner claims that this misapplication of fact negates the reasoning set forth in the R&R and entitles him to habeas relief.  Pet'r's Objection to R&R 3-6.

The allegedly offending block quote is as follows:

> The evidence at trial showed that Appellant approached three men sitting on a stoop and opened fire, killing Wells.  As the other two men fled, [Petitioner] specifically aimed his gun at them and continued firing, but missed them.  Given this evidence, the jury could have concluded that [Petitioner] lacked the specific intent to kill Wells but, when he aimed at the other two men and continued firing as they fled, formed the specific intent to kill them.  Thus, [Petitioner] has not demonstrated that the verdict was inconsistent.

R&R 15 (citing <u>Maxton</u>, No. 2310 EDA 2010, slip op. at 6) (internal citation omitted).  Petitioner asserts that the reference to "the other two men fled" indicates a mistake on

---

[3]     Petitioner, in his objections, claims that he did not pursue them but he does not dispute that he fired his gun at them as they ran away.  Pet'r's Objection to R&R 3-4.  The facts as laid out by the Superior Court and in the R&R only suggest that Petitioner fired upon the three men as they fled.  Thus there is not actual dispute.

behalf of the Superior Court that those two men fled, by themselves, while Mr. Wells remained dead or dying on the stairs. Elsewhere in the opinion, however, the court indicates that all three men ran from Petitioner while he fired on them. For instance, on page seven, the opinion states that the "evidence demonstrated that [Petitioner] walked up to three men talking on a stoop and began firing his gun at them. [Petitioner] continued to aim at the men and fire as they fled." Maxton, No. 2310 EDA 2010, slip op. at 7. Furthermore, the opinion's opening description of the facts makes it clear that all three men ran from Petitioner and that Mr. Wells later died in the hospital as a result of his initial injuries. Id. at 1-2. Thus, it is clear that the Superior Court's opinion was not mistaken as to the facts of Petitioner's conviction and was in line with the facts as set forth by Petitioner in his objection.

The R&R is also neither mistaken as to the facts nor in disagreement with the version outlined by Petitioner. For instance, the R&R also quotes page seven which, as was just explained, indicates that all three men fled. See R&R at 18 (citing Maxton, No. 2310 EDA 2010, slip op. at 7). Furthermore, when read as a whole, rather than through an isolated quote, it is clear that the Magistrate Judge was aware that all three men fled and the R&R's reasoning is based upon the correct set of facts.

Accordingly, the Court overrules Petitioner's objection as neither the Superior Court's opinion nor the R&R misstates the underlying facts of the case.


B.    Independent Review of the Remainder of the Report and Recommendation

Though Petitioner does not object to the remainder of the R&R, the Court still conducts an independent review of the well-reasoned R&R, taking into account Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus (ECF No. 6), Respondent's Response to Petition for Writ of Habeas Corpus (ECF No. 12), Petitioner's Reply to Respondent's Response (ECF No. 15), the documents contained in the state court record, and those other exhibits provided by the parties.  Petitioner's four alleged grounds in his petition each deal with ineffective assistance of counsel.

A § 2254 petition can be based upon a violation of the Sixth Amendment right to effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 686, 697 (1984). By claiming his counsel was ineffective, a defendant attacks "the fundamental fairness of the proceeding." Id. at 697. Therefore, as "fundamental fairness is the central concern of the writ of habeas corpus," "[t]he principles governing ineffectiveness should apply in federal collateral proceedings as they do on

9

direct appeal or in motions for a new trial." Id.  Those principles require a convicted defendant to establish both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  Id. at 687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008).

In conducting an independent review of the R&R, the Court agrees with Judge Strawbridge that Petitioner's counsel was not deficient.  Furthermore, even if his counsel had been deficient, Petitioner does not show that he suffered actual prejudice.  Accordingly, the Court approves and adopts the R&R.


**IV.  CERTIFICATE OF APPEALABILITY**


When a court issues a final order denying a § 2254 motion, it must also decide whether to issue a certificate of appealability.  Such a certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Pabon v. Mahanoy, 654 F.3d 385, 393 (3d Cir. 2011) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)).

No basis for a certificate of appealability exists in this case, as Petitioner is unable to show that there is any room for disagreement among jurists of reason.

## V.   CONCLUSION

For the foregoing reasons, the Court approves and adopts the R&R, denies Petitioner's Petition for a Writ of Habeas Corpus, dismisses the petition with prejudice, and denies Petitioner's request for a certificate of appealability.

An appropriate order accompanies this opinion.